# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOSEPH C. MOORE,  ) Case No. CV 19-7771-MCS (JPR)
           Petitioner,  )
                          ) ORDER ACCEPTING FINDINGS AND
     v.                   ) RECOMMENDATIONS OF U.S.
                          ) MAGISTRATE JUDGE
W.M. POLLARD, Warden,  )
           Respondent.  )

    The Court has reviewed the Petition, motion for leave to amend, Proposed First Amended Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that Petitioner's motion for leave to amend be denied and judgment be entered denying the Petition and dismissing this action with prejudice.  See 28 U.S.C. § 636(b)(1).  Petitioner filed objections to the R. & R. on April 11, 2022; Respondent did not reply.  Between the filing of the R. & R. and of his objections, Petitioner twice lodged various state-court records.

    Most of Petitioner's objections raise arguments that were convincingly rejected in the R. & R.  For example, he continues to maintain that relief is warranted because the search-warrant

return, which he did not even attempt to obtain until over a year after his conviction became final (see R. & R. at 21), proves that the investigating officers violated his Fourth Amendment rights and the prosecutor committed misconduct (see Objs. at 5-6, 20). But as explained in the R. & R. (see R. & R. at 21), those claims are untimely because he did not exercise reasonable diligence in procuring the warrant return. He advances no contrary argument. Although he argues that the claims are nevertheless cognizable because they challenge the same conviction and sentence as at issue in his original Petition (see Objs. at 7), he is incorrect. (See R. & R. at 22 (citing Mayle v. Felix, 545 U.S. 644, 662-64 (2005) (explaining that new claim does not "relate back" to filing of exhausted petition simply because it arises from "the same trial, conviction, or sentence")).)

A few of Petitioner's objections warrant discussion, however. He asserts that he has obtained new evidence — specifically, the transcripts of his pretrial suppression and other motion hearings — that prove he did not have a full and fair opportunity to litigate any Fourth Amendment claims in state court. (See Objs. at 3, 17); Stone v. Powell, 428 U.S. 465, 494 (1976) (barring consideration of Fourth Amendment claims on habeas review unless petitioner didn't have "full and fair" opportunity to litigate issue in state court). In particular, he maintains that the suppression-hearing transcript reveals that the investigating detective misled the judge who issued the search warrant by omitting from the warrant application that officers had arrested him before seeking the warrant. (See,

1  e.g., id. at 3, 20-21.)  He further alleges that he was unable to
2  obtain any of the transcripts until March 2022 despite repeated
3  earlier attempts.  (See id. at 17; Pet'r's Lodging in Support of
4  Objs. at 2-9.)
5      These objections are meritless.  As an initial matter, the
6  hearing transcripts do not constitute newly discovered evidence.
7  On the contrary, they were necessarily part of the trial record
8  and therefore would have been available to Petitioner long before
9  he claims to have obtained them.  See Cal. R. Ct. 8.610(a)(2)(H),
10 (K), (N) (stating that record on appeal "must include a
11 reporter's transcript containing" "oral proceedings on any motion
12 under Penal Code section 1538.5 denied in whole or in part" as
13 well as other "oral proceedings on motions" and "oral opinion of
14 the court").  Moreover, one of the hearing transcripts Petitioner
15 recently lodged shows him being handed a copy of the suppression-
16 hearing transcript.  (See Pet'r's Lodged Doc. Supporting Claims,
17 Rep.'s Tr. at D-19 to -20.)  To be sure, evidence suggests that
18 he lost the transcripts at some point and therefore began
19 requesting new copies of them sometime around November 2020.
20 (See, e.g., Pet'r's Lodging in Support of Objs. at 4.)  But he
21 doesn't explain when they went missing or why he evidently took
22 no action to obtain copies during the 17-month period between
23 June 19, 2019 — the day his conviction became final (see R. & R.
24 at 16) — and November 2020.[1]

---

[1] For this reason, any contention that Petitioner is entitled to equitable tolling of the limitation period based on his efforts to obtain the suppression-hearing transcript (see Objs. at 12) is meritless.  Compare Spitsyn v. Moore, 345 F.3d 796, 798 (9th Cir. 2003) (as amended) (holding that equitable tolling may be

Putting that aside, the facts stemming from the hearings are hardly "new evidence." Petitioner was necessarily familiar with the testimony and arguments at the hearings because he was not only present but represented himself at them. (See Pet'r's Lodged Doc. Supporting Claims, Rep.'s Tr. at B-1, C-1, D-1.) And indeed, he demonstrated his familiarity with what happened at the suppression hearing by recounting those events in his Proposed First Amended Petition, before he recently got a new copy of the transcript. (See Proposed First Am. Pet. at 10, 14 (stating that at suppression hearing prosecutor discussed seizure of Petitioner's cell phone and that it was being "forensically analyzed" when hearing occurred); see also Pet'r's Lodged Doc. Supporting Claims, Rep.'s Tr. at B-6 (prosecutor stating that she could not make Petitioner's cell phone available to his investigator because it was being "forensically searched"));[2]

---

appropriate when attorney ignored petitioner's requests to return files for more than year and neither filed federal habeas petition nor returned files until after limitation period had run), with Bertran v. U.S. Dist. Ct., No. CV 19-10850-JAK (PD), 2021 WL 1760056, at *8 (C.D. Cal. Mar. 12, 2021) (finding no tolling warranted based on petitioner's lack of access to preliminary-hearing transcript when petitioner failed to request it for over two years after conviction became final), accepted by 2021 WL 1753626 (C.D. Cal. May 4, 2021); Bautista v. Raymond, No. CV 17-6004-RGK (FFM), 2018 WL 5974491, at *4 (C.D. Cal. May 30, 2018) (rejecting equitable-tolling argument based on counsel's alleged failure to deliver record when petitioner "provide[d] no documentary evidence suggesting [] that he exercised any sort of diligence in procuring" record during relevant period), accepted by 2018 WL 4961601 (C.D. Cal. Oct. 15, 2018).

[2] Without citing any supporting evidence, Petitioner argues that the prosecutor "never gave those numbers and contacts [from the cell phone] over to the defendant." (Objs. at 3.) But at a later hearing, after Petitioner had agreed to once again be represented by counsel, the prosecutor indicated that she had

Bertran v. U.S. Dist. Ct., No. CV 19-10850-JAK (PD), 2021 WL 1760056, at *8 (C.D. Cal. Mar. 12, 2021) (petitioner's lack of access to preliminary-hearing transcript did not warrant tolling of limitation period when petitioner was at hearing and demonstrated his memory of testimony adduced during it), accepted by 2021 WL 1753626 (C.D. Cal. May 4, 2021).  In short, he was aware of the facts from the hearings and therefore cannot show that they constitute new evidence.

Those facts included the testimony at the suppression hearing concerning the sequence of his arrest and the search of his residence.  (See Objs. at 20-21); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) (as amended) (explaining that "[t]he relevant inquiry [for purposes of Stone] is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so").  Indeed, when asked at the suppression hearing to identify the basis for his Fourth Amendment challenge, Petitioner replied, "I'm challenging the fact that there was not a warrant at the time that the police engaged me at my home." (Pet'r's Lodged Doc. Supporting Claims, Rep.'s Tr. at C-3.) What's more, the detective who applied for the search warrant testified without contradiction that Petitioner was arrested before the warrant was issued.  (Id. at C-30; see also id. at C-

---

received the evidence from the "forensic search of the defendant's phone" and would be turning it over to counsel.  (See Pet'r's Lodged Doc. Supporting Claims, Rep.'s Tr. at E-2 to -3 (prosecutor discussing phone evidence) & E-5 (Petitioner asking to have standby counsel take over and court granting request).)  Thus, that Petitioner himself didn't receive the cell-phone evidence doesn't mean it wasn't produced to the defense.

32, C-38 to -40, C-72, D-3.)[3] Petitioner's contention that that detective committed "perjury" by testifying that "officers on scene never entered the Petitioner's home" before the warrant was issued is meritless. (Objs. at 4.) No testimony adduced at the hearing — not even Petitioner's (see Pet'r's Lodged Doc. Supporting Claims, Rep.'s Tr. at C-74 to -86) — supports his contention. The detective's testimony that "photographs were taken of the residence in its state as we found it prior to the search warrant being served" in context clearly meant simply that the officers took photos of the scene immediately before and after conducting the search, as they always did (see id. at C-42 to -43), not that she entered the home before the warrant arrived.

But putting all that aside, the only evidence Petitioner cites to show that the detective perjured herself — namely, an exhibit that he introduced and testimony elicited in response to his own questioning — is evidence from the hearing itself. (See Objs. at 4.) Thus, he clearly had a full and fair opportunity under Stone to litigate that issue.

Petitioner reiterates his arguments that his alleged lack of access to the warrant return somehow hindered his ability to prosecute his suppression motion. (See Objs. at 15-16.) But he never explains how. Even if the warrant return listed his seized

---

[3] Of course, the question of whether there was probable cause for Petitioner's arrest – which the court of appeal noted he did not raise (see Resp't's Lodged Doc. 2 at 12) — is distinct from whether the warrant authorizing the police to search his home was valid. Petitioner provides no credible reason to conclude that the timing or circumstances of his arrest invalidates the warrant, and none is apparent to the Court.

cell phone and it wasn't specifically mentioned in the warrant itself, he clearly knew the phone had been seized because he repeatedly referenced that fact during the pretrial hearings. And the detective's apparent misstatement about which judge signed the warrant return wasn't "perjury" (Objs. at 5-6, 20) because that fact was immaterial. Finally, the transcripts Petitioner recently lodged show that before trial he had a list of "all the items that was [sic] seized from [his] residence" (Pet'r's Lodged Doc. Supporting Claims, Rep.'s Tr. at C-82) — if not the warrant return itself, a document serving the same purpose. He has never claimed that that document was somehow materially different from the return. Thus, Petitioner had a full and fair opportunity at the suppression hearing to challenge the search despite allegedly not yet having seen the warrant return, and that claim is barred by Stone.

Next, Petitioner suggests that he is entitled to equitable tolling of the limitation period. (See Objs. at 12.) But the only claim he identifies in this portion of the objections is his ineffective-assistance claim concerning appellate counsel's performance. (See id.) Specifically, he asserts that had appellate counsel "discovered discrepancies with [Petitioner's trial counsel] in regards to the suppression issue and presented on appeal[,] it would have been discovered by her and exhausted to be presented on § 2254 fedreal [sic] habeas corpus." (Id.) To the extent Petitioner believes this allegation entitles him to equitable tolling, it is unclear why. He was undoubtedly already aware that his appellate counsel didn't challenge trial counsel's failure to renew the suppression motion — indeed, he raised that

challenge himself in a habeas petition he filed in conjunction with his direct appeal. (See Resp't's Lodged Doc. 2 at 19-20.) In any event, the underlying claim — that appellate counsel erred in neglecting to assert an ineffective-assistance claim based on trial counsel's failure to renew the suppression motion (see Objs. at 13, 14) — is meritless because, as related in the R. & R., there was no basis to renew the motion (see R. & R. at 51).

Finally, Petitioner claims for the first time that his conviction violates the Eighth Amendment because it was obtained "as a result of all of the illegal acts of the police and prosecuting office and the erroneous unreasonable applications applied in this case contrary to federal law." (Objs. at 22.) Petitioner may not assert a new claim for the first time in his objections. See Delgadillo v. Woodford, 527 F.3d 919, 930 n.4 (9th Cir. 2008) (holding that reply to answer was not proper pleading to raise additional grounds for relief or arguments). Although the Court has discretion to consider the claim, see id.; Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002), it declines to because the claim is unexhausted and at bottom is a disguised Fourth Amendment challenge barred by Stone. Indeed, the only "illegal acts of the police and prosecuting office" to which he refers are those concerning the search of his home and seizure of his property. (See Objs. at 3-6; see also Proposed First Am. Pet. at 7-9.) And to the extent his Eighth Amendment claim is premised on the warrant return — as are most of the claims in the Proposed First Amended Petition (see R. & R. at 23; Suppl. Reply at 7) — it is time barred (see R. & R. at 16-27). Accordingly, there is no reason to allow him to assert a new Eighth Amendment

claim at this late stage.

    Having reviewed de novo those portions of the R. & R. to which Petitioner objects, see 28 U.S.C. § 636(b)(1)(C), the Court accepts the findings and recommendations of the Magistrate Judge. It THEREFORE IS ORDERED that Petitioner's motion for leave to amend is denied and that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: May 19, 2022

MARK C. SCARSI
U.S. DISTRICT JUDGE